**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SEAN D. WOODSON** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 12-973** |
| | : | |
| **RICHARD COLAJEZZI,** *et al.*, | : | |
| **Defendants.** | : | |
| | : | |

**MEMORANDUM OPINION**

**RUFE, J.**                                                    **October 16, 2012**

This matter comes before the Court on Plaintiff's Motion for a Preliminary Injunction and Defendants' Motion to Dismiss.  Plaintiff, Sean D. Wilson, a pretrial detainee at the Federal Detention Center ("FDC") in Philadelphia, has filed this civil rights action asserting that Defendants, employees at the FDC, violated his civil rights by examining his legal materials and by failing to supply him with paper, postage, pens, envelopes, and copies.  He requests that the Court grant a preliminary injunction restraining Defendants from examining his legal materials and ordering them to provide supplies, and has requested $750,000 in damages.  For the reasons that follow, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted and will therefore, deny his request for preliminary injunctive relief, grant Defendants' motion to dismiss in part, and dismiss the Complaint.

**I. BACKGROUND**

Plaintiff states his claim as follows:

> With regards to [Defendants] Ms. Bacon and Mr. Colajezzi and Ms. Longacre, beginning in April, 2011 they informed me that because of my indigent status they would be arbitrarily examining all legal documents I submitted to them to be copied (the only way to make copies in the facility housing me; which is an

absolute necessity when proceeding in a criminal action pro se) to decide what was worthy of copying and how many copies it meritted.  I vehemently objected to this practice and explained that it interefered with my communications between the courts and my standby-advisory counsel but was told that I had no rights to privacy of my legal documents because I was indigent. This, in conjunction with their refusals to provide me with any paper, pens, or envelopes (those used to create this Complaint were donated by other inmates) and their refusals to provide me with adequate postage (the institution's policy is 3 stamps for an indigent person per week but it is inconsistent and resulted in me being provided with 3-6 stamps per month) and copies of all result in consistent insufficiencies that preclude me from properly defending myself, meeting court-ordered filing deadlines, accessing courts, having my confidential legal documents remain confidential, and, ultimately, having an appeal denied that could have resulted in the reinstitution of my liberty because I was unable to meet the filing deadline.  See Ex. A. Attached hereto.  These due process, self-representating confidential communications with the outside world, and court access violation persist to this day and are all approved by the aforementioned persons ultimate supervisor, Brian Patton.[1]

Plaintiff initiated this action by filing a Motion to Proceed *In Forma Pauperis* ("IFP"), which the Court granted on April 16, 2012.[2]  At the same time Plaintiff filed his Motion to Proceed IFP, Plaintiff filed his Complaint and Motion for Preliminary Injunctive Relief.  In his Motion, Plaintiff requests that the Court enter an order that Defendants refrain from examining his legal documents in any way because doing so "is a violation of his First Amendment right," and that Defendants "provide him with enough envelopes, postage, pens, 8 ½" x 11" paper, and copies so that he may create and prepare the *pro se* defense of his choosing . . . and access any court of his choosing."[3]  The Court ordered that Defendants file a response to the Motion for a Preliminary Injunction.  Defendants thereafter filed the Motion to Dismiss the Complaint for

---

[1] Compl., Doc. No. 8 at 7-8 (presented as in the original).

[2] See Doc. No. 7.

[3] Doc. No. 10.

failure to state a claim and to Deny Plaintiff's Request for a Preliminary Injunction.[4]

## II. LEGAL STANDARD

### A.     Motion for a Preliminary Injunction

"A court must consider four factors when ruling on a motion for preliminary injunction: '(1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting preliminary relief will be in the public interest.'"[5]  A movant's failure to show likelihood of success on the merits "must necessarily result in the denial of a preliminary injunction."[6]

### B.     Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" lacks enough substance to show that he is entitled to relief.[7]  In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-

---

[4]  See Doc. Nos. 15, 16.  Plaintiff has filed several "amendments" and responses with attached exhibits that the Court considers in ruling on the motions.  Doc. Nos. 17-19.

[5]  Am. Express Travel Related Servs., Inc. v. Sidamon-Eristoff, 669 F.3d 359, 366 (3d Cir. 2012) (quoting Crissman v. Dover Downs Entm't Inc., 239 F.3d 357, 364 (3d Cir. 2001)).

[6]  Id. (quoting In re Arthur Treacher's Franchisee Litig., 689 F.2d 1137, 1143 (3d Cir. 1982)) (internal quotation marks omitted).

[7]  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).

3

moving party.[8]  Courts are not, however, bound to accept as true legal conclusions couched as

factual allegations.[9]  Something more than a mere *possibility* of a claim must be alleged; rather

plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[10]  The

complaint must set forth "direct or inferential allegations respecting all the material elements

necessary to sustain recovery under *some* viable legal theory."[11]  The court has no duty to

"conjure up unpleaded facts that might turn a frivolous . . . action into a substantial one."[12]

### III. DISCUSSION

A federal district court has a statutory obligation to screen complaints filed by *pro se*

prisoners proceeding *in forma pauperis* in cases, such this one, where the prisoner seeks redress

from a governmental entity, or office or employee of such entity.[13]  Title 28, United States Code,

§ 1915A provides in pertinent part as follows:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any
> event, as soon as practicable after docketing, a complaint in a civil action in
> which a prisoner seeks redress from a governmental entity or officer or employee
> of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims
> or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be

---

[8]  ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); Fay v. Muhlenberg Coll., No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[9]  Twombly, 550 U.S. at 555, 564.

[10]  Id. at 570.

[11]  Id. at 562 (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984)) (internal quotation marks omitted).

[12]  Id. (quoting McGregor v. Industrial Excess Landfill, Inc., 856 F.2d 39, 42-43 (6th Cir. 1988)).

[13]  See 28 U.S.C. § 1915A. (2006)

granted.[14]

Pursuant to § 1915(e)(2)(B)(ii), this obligation continues throughout the litigation if the Court determines at any time that the Complaint fails to state a claim.[15]  "In determining whether a complaint should be dismissed for failure to state a claim pursuant to § 1915(e)(2) or § 1915A, a court applies the same standard applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)."[16]  Plaintiff's failure to state a claim is fatal to his request for preliminary relief (as it renders him unable to demonstrate a likelihood of success on the merits) and provides a basis for granting Defendants' motion to dismiss on alternative grounds.[17]

Though the contours of Plaintiff's claims are not clearly articulated, it appears that Plaintiff asserts two claims: (1) that prison officials' refusal to provide Plaintiff with adequate office supplies, and their failure to assist Plaintiff in copying and mailing his legal documents denied him "access to the courts"; and (2) that prison officials improperly examined his mail and

---

[14]  28 U.S.C. § 1915A.

[15]  28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that– . . . (B) the action . . . (ii) fails to state a claim on which relief may be granted . . . .").

[16]  McKinney v. Giorla, No. 11-4188, 2012 WL 1521853, at *2 (E.D. Pa. Apr. 30, 2012) (citing Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (addressing § 1915A); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000) (addressing § 1915(e)(2)(B)(ii))); see also Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

[17]  Defendants assert that the Complaint should be dismissed because Plaintiff failed to exhaust his administrative remedies.  The Court disagrees.  Plaintiff alleges that he sought relief from administrative officials regarding the acts complained of in the Complaint, exhausting "all administrative in-house channels made available to [him]."  Compl. at 6.  At this stage in the proceedings, the Court cannot find as a matter of law that Plaintiff failed to exhaust his administrative remedies and does not grant the motion on this basis.
       Defendants also argue that the Complaint should be dismissed because Plaintiff's claims are barred by issue preclusion, having been previously denied by the Third Circuit and the District of Delaware.  Although unclear, it does not appear that the District of Delaware or the Third Circuit addressed the precise issues raised in this Complaint (particularly in light of the ongoing nature of the claims, and Plaintiff's failure to allege specific dates).  Thus, this argument does not provide a basis for dismissal at this time.

legal materials.  Plaintiff fails to state a claim for several reasons.[18]

First, to succeed on his "access to courts" claim, Plaintiff must allege an actual injury resulting from the alleged deprivation.  The Supreme Court has held that "the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong. . . . [O]ur cases rest on the recognition that the right [of access to courts] is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court."[19]  "[P]laintiff must identify a 'nonfrivolous,' 'arguable' underlying claim . . . . [T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation."[20]

Here, Plaintiff asserts that Defendants' actions "precluded [him] from properly defending [him]self, meeting court-ordered filing deadlines, accessing courts, having [his] confidential legal documents remain confidential, and, ultimately, having an appeal denied that could have resulted in the reinstitution of [his] liberty because [he] was unable to meet the filing deadline."[21] Plaintiff cites several court orders entered in his other cases to support this general statement with facts.[22]  However, these exhibits do not demonstrate that Plaintiff's failure to meet court

---

[18]  In reaching this decision, the Court liberally construes Plaintiff's *pro se* pleadings.  See Higgs v. Att'y Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011).

[19]  Christopher v. Harbury, 536 U.S. 403, 414-15 (2002).

[20]  Id. at 415 (internal citation omitted).

[21]  Compl., Doc. No. 8 at 7-8

[22]  See, e.g., Doc. No. 8, Ex. A; Doc. No. 18, Ex. B.

deadlines was necessarily caused by prison officials,[23] or that Plaintiff's claims were dismissed because they were untimely.[24]  For example, Exhibit A to the Complaint is an order dismissing Plaintiff's appeal as improperly filed.  While the Order notes that the notice of appeal was untimely, the Third Circuit dismissed the appeal because the order appealed was "not a final order nor [was] it otherwise appealable."[25]  Consequently, this order does not show that Defendants' actions in denying him office supplies caused him injury sufficient to sustain his "access to courts" claim.  The Court will dismiss this claim but will grant Plaintiff leave to amend to correct this deficiency to the extent he is able to do so.

Second, with respect to Plaintiff's legal mail claim, the Complaint lacks specificity sufficient to put Defendants on notice of the claims asserted against them.  While a prisoner has a right to privacy in his legal mail,[26] here, the Court cannot determine from the facts alleged whether Plaintiff's claim as pled rises to the level of a constitutional violation.  Plaintiff has not clearly alleged whether his legal papers were examined in or outside his presence, what legal papers were reviewed, and the nature and extent of the examination.  If the documents were reviewed pursuant to Plaintiff's submission of the documents to be copied, Plaintiff should address the nature of these documents, and whether it was necessary to submit the documents for

---

[23]  See Doc. No. 18, Ex. B, at 2.  Exhibit B to Plaintiff's "Second Amendment to Complaint," while showing that Plaintiff's appeal to the Delaware Supreme Court was dismissed as untimely, also shows that such delay is not entirely attributable to prison officials by Plaintiff's own admissions.  It appears that Plaintiff asserted prison officials caused him delay in his appeal and as a result, that his appeal materials were not ready to be mailed until April 19, 2012.  However, April 19, 2012, was within the 30 day limitations period.  Thus, any additional delay is unexplained.

[24]  See Doc. No. 8, Ex. A.

[25]  Id. at 2.

[26]  Jones v. Brown, 461 F.3d 353, 359 (3d Cir. 2006).

copying at all.  Given this lack of clarity, the Court grants Plaintiff leave to amend this claim to specifically allege facts supporting his claim.

Finally, with respect to Defendant Warden Brian Patton, Plaintiff's failure to allege the Warden's personal involvement in the alleged wrongs is fatal to his claims.[27]  "'[A] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable.'"[28] "[G]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*.  Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."[29]  Again, Plaintiff may amend his complaint to allege specific instances of the Warden's personal involvement in the claimed constitutional deprivations to the extent he is able to do so.

## IV. CONCLUSION

For the reasons stated above the Court finds that the Complaint fails to state a claim upon which relief can be granted and dismisses the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A.

The Complaint's failure to state a claim upon which relief can be granted necessarily precludes a finding that Plaintiff has demonstrated a likelihood of success on the merits, which is required before a court may grant preliminary injunctive relief.  Accordingly, the Court will deny

---

[27] McKay v. U.S. Dep't of Justice, 406 F. App'x 570, 571 (3d Cir. 2010).

[28] Id. (quoting Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003)).

[29] Bistrian v. Levi, --- F.3d ----, 2012 WL 4335958, at *8 (3d Cir. 2012) (internal citation and quotation marks omitted).

Plaintiff's Motion for a Preliminary Injunction.  Additionally, the Court grants Defendants' Motion to Dismiss for the reasons stated above, which differ from those grounds advanced in support of the motion.  Thus, the Court grants Defendants' motion on alternative grounds.

An appropriate Order follows.